UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK CHAMBERLAIN, #691709,

        Plaintiff,

v.                                          CASE NO. 2:10-CV-10676
                                          HONORABLE MARIANNE O. BATTANI

JERRY NIELSEN, et al.,

        Defendants.
_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL AND
DIRECTING PLAINTIFF TO PROVIDE SERVICE COPIES AND INFORMATION**

I.    Introduction

    Patrick Chamberlain ("Plaintiff"), a Michigan prisoner currently confined at the Marquette Branch Prison in Marquette, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and an application to proceed without prepayment of fees and costs for the civil rights action pursuant to 28 U.S.C. § 1915(a). The Court has granted his application to proceed without prepayment of fees and costs. In his complaint, Plaintiff alleges that he was injured in a slip and fall while confined as a pre-trial detainee at the Midland County Jail, that he was denied proper medical care, that his grievances were not properly addressed, and that he was required to pay for a medical bill without notice or a hearing. He names Midland County Sheriff Jerry Nielsen, Jail Administrators Stevenson and Deroysher, three unidentified jail guards (John Does #1, 2, 3), and two unidentified medical care providers (RN John/Jane Doe #4, MD John Doe #5) as defendants in this action. He sues the defendants in their individual and official

1

capacities. Plaintiff seeks injunctive remedies, monetary damages, and other appropriate relief.

II. Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal standard, the Court finds that Plaintiff's claims against certain defendants are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

A. Slip and Fall Claim

Plaintiff first alleges a violation of his Eighth Amendment rights arising from his slip and

fall on ripped shower mat in February, 2008 which resulted in a concussion and agitated lower back injury. Plaintiff asserts that he spoke to three unidentified jail guards (John Does #1, 2, 3) concerning the ripped mat and the need for a replacement prior to his accident.

A prisoner raising an Eighth Amendment claim for inhumane conditions of confinement must meet objective and subjective requirements in order to establish a constitutional violation. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). First, the failure to protect from risk of harm must be objectively "sufficiently serious." *Id*. To meet this requirement, the prisoner must show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. Second, the prisoner must allege "more than ordinary lack of due care" for his safety. *Id*. at 835. The prisoner must show that the prison official acted with "deliberate indifference" to a substantial risk of harm. The prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id*. at 837.

Plaintiff has failed to allege facts sufficient to state such an Eighth Amendment claim. While a ripped shower mat presents the possibility for an inmate to slip and fall, it does not pose a substantial or excessive risk of serious harm. *See, e.g., Smith v. Leonard*, 242 F. App'x 139, 140 (5th Cir. 2007) (affirming dismissal of prisoner's § 1983 claim alleging that county sheriff was liable for slip and fall injury for failure to place mat in shower exit). Federal courts have consistently held that slippery prison floors and icy walkways do not give rise to a constitutional violation. *See White v. Tyszkiewicz*, 27 F. App'x 314, 315 (6th Cir. 1994) (affirming dismissal of prisoner's civil rights complaint arising from slip and fall on ice); *Brown v. Lafler*, No. 07-

14955, 2008 WL 4937951, *2 (E.D. Mich. Nov. 13, 2008) (Cohn, J. adopting magistrate judge's report finding that prisoner's complaint of injury arising from failure to clear icy prison walkway did not state an Eighth Amendment claim); *accord Atkins v. Sheriff's Jail Avoyelles Parish*, 278 F. App'x 438, 439 (5th Cir. 2008) (upholding dismissal of slip and fall complaint as frivolous and for failure to state a claim); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (ruling that plaintiff failed to show that standing water problem known to prison officials posed substantial risk of serious harm); *Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. 2004) (wet floors do not pose a substantial risk of serious harm); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors...do not even state an arguable claim for cruel and unusual punishment"). As explained by another court, "[s]imply put, a slip and fall, without more, does not amount to cruel and unusual punishment....Remedy for this type of injury, if any, must be sought in state court under traditional state tort law principles." *Reynolds*, 370 F.3d at 1031 (quoting *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1217 (N.D. W.Va. 1983)).

Furthermore, while Plaintiff states that he informed three unidentified jail guards about the ripped shower mat, he has not shown that those guards acted with deliberate indifference in failing to replace the mat or take other corrective action. At best, he has shown that the guards were negligent, which fails to state a claim under § 1983. *See Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (due process clause is not implicated by a negligent act); *see also White,* 27 F. App'x at 315; *Swartz v. Hurt*, 954 F.2d 725, 1992 WL 21557, *1 (6th Cir. 1992) (prisoner failed to state a claim for deliberate indifference based upon slip and fall injury arising from wet floor even though defendants knew about leaky heater). Plaintiff's Eighth Amendment claim against the unidentified jail guards

4

(John Does #1, 2, 3), or any other defendants, must therefore be dismissed.

  B. <u>Claims Against Jerry Nielsen and Jail Administrators Stevenson and Deroysher</u>

  Plaintiff's claims against defendant Nielsen, Stevenson, and Deroysher must be dismissed because Plaintiff has failed to allege any facts demonstrating the personal involvement of those defendants in the events giving rise to his complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to defendants Nielsen, Stevenson, and Deroysher. Any claim that those defendants failed to properly supervise another employee, should be vicariously liable for the employee's action or inaction, did not respond to the situation, or erred in denying his grievances is insufficient to state a claim under § 1983.

  Plaintiff has also not alleged facts showing that his injuries are the result of any policy or regulation, or that any improper conduct arose from the county's deliberate failure to adequately investigate, train, or supervise its employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). Conclusory allegations are insufficient to state a civil rights claim under § 1983. *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). Plaintiff's claims against defendants Nielsen, Stevenson, and Deroysher must therefore be dismissed.

  C. <u>Grievance Claim</u>

Plaintiff also alleges a violation of his First Amendment right to file a meaningful grievance for redress against the government, claiming that the defendants failed to adequately respond to his concerns. The First Amendment guarantees "the right of the people ... to petition the Government for a redress of grievances." U.S. Const. amend. I. However, while a prisoner has a First Amendment right to file grievances against prison officials, *see Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a citizen's petition for redress of grievances. *See Smith v. Arkansas State Highway Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views.").

Moreover, a prisoner does not have a constitutionally-protected interest in an inmate grievance procedure or the right to an effective procedure. *See e.g., Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). Thus, to the extent that Plaintiff is dissatisfied with the defendants' responses to his complaints or grievances, he has failed to state a claim on which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003) (prisoner failed to state a claim based upon defendant's failure to investigate grievance); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J. adopting magistrate judge's report and recommendation citing cases). This claim must therefore be dismissed.

D. <u>Medical Bill Claim</u>

Plaintiff also alleges that he was improperly charged for a medical bill (arising from his

slip and fall accident) without notice and a hearing.  A prisoner or a pre-trial detainee does have a protected property interest in his money.  *See Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997).  But the Court doubts that Plaintiff was unconstitutionally deprived of his property by being charged for medical services which he actually received.  *See Bailey v. Carter*, 15 F. App'x 245, 251 (6th Cir. 2001); *see also White v. Correctional Medical Svs.*, 94 F. App'x 262, 264 (6th Cir. 2004) ("It is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay."); *Stallworth v. Vaughn*, 2008 WL 4401389, *4 (W.D. Ky. Sept. 24, 2008) (stating that the United States Court of Appeals for the Sixth Circuit has held that the practice of charging prisoners fees for medical care does not offend the Constitution and summarily dismissing claim).  Additionally, the Sixth Circuit has specifically held that a jail, consistent with due process, may withhold a portion of an inmate's canteen account funds in order to cover the costs of booking, room, and board without providing the inmate with a hearing before it withholds the money.  *See Sickles v. Campbell Co.*, 501 F.3d 726, 728, 731-32 (6th Cir. 2007).  Plaintiff has failed to state a claim upon which relief may be granted as to this issue.

Moreover, the United States Supreme Court has recognized that the negligent deprivation of an inmate's property does not violate due process if the state provides an adequate remedy to redress the wrong.  *See Parratt v. Taylor*, 451 U.S. 527, 537 (1981), *overruled in part by Daniels*, 474 U.S. at 328 (ruling that negligence does not amount to a "deprivation" implicating due process).  Likewise, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of due process the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the

7

loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Consequently, to state a due process claim for the intentional deprivation of property, a plaintiff must plead that available state procedures for redressing the wrong are inadequate. *See Vicory v. Walton*, 721 F.2d 1062, 1065-66 (6th Cir. 1983); *see also Wilson v. Beebe*, 770 F.2d 578, 584 (6th Cir. 1985) (en banc). The State of Michigan provides adequate post-deprivation remedies to address Plaintiff's claims. *See, e.g., Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995); *Etheridge v. Evers*, 326 F. Supp. 2d 818, 824 (E.D. Mich. 2004). Plaintiff neither alleges nor establishes that available state post-deprivation remedies to address the disputed medical care charges are inadequate to protect his rights. *See Bailey v. Carter*, 15 F. App'x 245, 251 (6th Cir. 2001) (citing *Vicory* and dismissing due process claim where inmates failed to allege that post-deprivation procedure for challenging co-payment charge was inadequate); *see also Sickles*, 501 F.3d at 731. He has thus failed to state a claim upon which relief may be granted under § 1983.

  E. <u>Medical Care Claims Against Unidentified Medical Care Providers</u>

Having reviewed the complaint and given the liberal pleading standard for pro se actions, the Court finds that Plaintiff's claims against the unidentified medical care providers (RN Jane/John Doe #4, MD John Doe #5) for the alleged denial of proper medical treatment are not subject to dismissal at this time. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment"); *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002) (a plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care). Service upon those two defendants is therefore appropriate.

III.  Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted against defendants Sheriff Jerry Nielsen, Jail Administrators Stevenson and Deroysher, and the three unidentified jail guards (John Does #1, 2, 3). Accordingly, the Court **DISMISSES** Plaintiff's claims against those defendants pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court further concludes that Plaintiff's medical care claims against the remaining two defendants are not subject to summary dismissal.  Plaintiff, however, has not provided the Court with sufficient copies for service to be made upon those defendants, nor has he specifically identified Jane/John Doe #4 or John Doe #5 against whom he wishes to file suit.  An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint.  *See Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). When a plaintiff is proceeding *in forma pauperis,* as is the case here, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal, who must effectuate service upon the defendants once the plaintiff has properly identified them in the complaint.  *See Williams v. McLemore,* 10 F. App'x 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

Accordingly, the Court **ORDERS** Plaintiff to submit **TWO** additional copies of the complaint and attachments for service upon the remaining defendants and to provide the names and addresses of the unidentified Jane/John Doe #4 and John Doe #5 within **30 DAYS** of the date of this order so that service may be effectuated.  The Court shall provide Plaintiff with one

copy of the complaint and attachments to assist him in this endeavor. This copy should be returned to the Court with the additional copies. Plaintiff's failure to comply with this order may result in dismissal of the complaint and/or dismissal of the unidentified defendants.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: March 18, 2010

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon all parties of record.

s/Bernadette M. Thebolt
Case Manager