UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PATRICK CHAMBERLAIN,

       Plaintiff,                     CIVIL ACTION NO. 10-10676

       v.                            DISTRICT JUDGE MARIANNE O. BATTANI

JERRY NIELSEN, *et al.*,         MAGISTRATE JUDGE VIRGINIA M. MORGAN

       Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S REMAINING CLAIMS

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983. For the reasons discussed below, this court recommends that plaintiff's complaint be dismissed *sua sponte* for his failure to identify the remaining John Doe defendants, as required by court order.

In his complaint (D/E #1), plaintiff alleges that he was injured in a slip and fall while confined as a pre-trial detainee at the Midland County Jail, that he was denied proper medical care, that his grievances were not properly addressed, and that he was required to pay for a medical bill without notice or a hearing. He names Midland County Sheriff Jerry Nielsen, Jail Administrators Stevenson and Deroysher, three unidentified jail guards (John Does #1, 2, 3), and two unidentified medical care providers (RN John/Jane Doe #4, MD John Doe #5) as defendants in this action. He sues the defendants in their individual and official capacities. Plaintiff seeks injunctive remedies, monetary damages, and other appropriate relief.

- 1 -

On March 18, 2010, the Honorable Marianne O. Battani issued an Opinion and Order of Partial Summary Dismissal and Directing Plaintiff to Provide Service Copies and Information (D/E #6). In that opinion and order, Judge Battani *sua sponte* dismissed (1) plaintiff's slip and fall claim against the unidentified jail guards; (2) plaintiff's claims Against Jerry Nielsen and Jail Administrators Stevenson and Deroysher; (3) plaintiff's grievance claim; and (4) plaintiff's medical bill claim on the basis that plaintiff failed to state a claim upon which relief can be granted. Judge Battani also ruled that, while plaintiff's medical care claims against the remaining two defendants were not subject to summary dismissal, plaintiff neither provided the court with sufficient copies for service to be made upon those defendants, nor specifically identified the Jane/John Doe #4 or John Doe #5 against whom he wishes to file suit. Judge Battani ordered plaintiff to submit two additional copies of the complaint and attachments for service upon the remaining defendants and to provide the names and addresses of the unidentified Jane/John Doe #4 and John Doe #5 within thirty days of the date of the order so that service may be effectuated. Judge Battani also warned plaintiff that failure to comply with the order could result in dismissal of the complaint and/or dismissal of the unidentified defendants.

Plaintiff subsequently filed a motion for enlargment of time, in which he sought additional time to provide the names of unidentified Jane/John Doe #4 and John Doe #5 (D/E #7). On April 20, 2010, this court granted plaintiff's motion and ordered that and that plaintiff be given until May 21, 2010 to comply with Judge Battani's order (D/E #10). In granting that motion, this court also stated: "If plaintiff fails to comply with this order then the court will recommend that the complaint be dismissed." That May 21, 2010 deadline has passed and

plaintiff has still not identified either Jane/John Doe #4 or John Doe #5.[1]

Plaintiff has already failed to meet the initial deadline set by Judge Battani and the later deadline set by this court, and there is no indication or evidence suggesting that plaintiff will ever be able to identify Jane/John Doe #4 and John Doe #5.  Additionally, plaintiff was previously warned by both Judge Battani and this court that plaintiff's failure to comply with the deadlines could result in dismissal of his remaining claims.  Given the warnings by the court and plaintiff's previous failures meet deadlines, this court recommends that plaintiff's claims against Jane/John Doe #4 and John Doe #5 be dismissed.

Plaintiff may object to and seek review of this Report and Recommendation, but he is required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the

---

[1] On May 12, 2010, plaintiff filed another motion for extension of time, in which he seeks an additional thirty (30) day extension of the deadline to identify Jane/John Doe #4 and John Doe #5 (D/E #11).  However, this court denied that motion for the same reasons set forth in this report and recommendation.

opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                    S/Virginia M. Morgan
                    Virginia M. Morgan
                    United States Magistrate Judge

Dated: June 16, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon plaintiff via the Court's ECF System and/or U. S. Mail on June 16, 2010.

                    s/J. Johnson
                    Case Manager to
                    Magistrate Judge Virginia M. Morgan